UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

  v.

JOHN DOE, subscriber assigned IP address 108.31.148.38,

      Defendant.

Case No. 25-cv-1142-RBW-MJS

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strike 3 Holding LLC's ("Strike 3") motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. (ECF No. 5.) Because the limited discovery that Strike 3 seeks—the identity of the allegedly infringing IP subscriber—is both relevant and proportional to the needs of the case, Strike 3's Motion is **GRANTED**.

### BACKGROUND

Plaintiff Strike 3 Holding LLC ("Strike 3") is a producer and distributor of adult films. (ECF No. 1 ("Compl.") ¶¶ 2, 3.) Strike 3 brings this suit under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, against a "John Doe" defendant alleged to have illegally downloaded and distributed eighty-one of Strike 3's films. (*Id.* ¶¶ 4–6.) Using its own in-house infringement detection system, Strike 3 alleges that the "Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorent protocol." (*Id.* ¶¶ 27–28, 53); *see AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (providing an overview of online piracy carried out via BitTorrent).

Strike 3 filed this action to halt and remedy the alleged infringement. To move forward, Strike 3 needs to be able to identify the suspected infringer to name them in this lawsuit, but it only has

1

an IP address—no other identifying information. (Compl. ¶¶ 5, 12.) Strike 3 reports that it was able to use "geolocation technology … to determine that Defendant's IP address traced to a physical address" within the District of Columbia. (*Id.* ¶ 9.) But beyond that, Strike 3 says the subscriber's identity can be only ascertained through information from the user's Internet Service Provider ("ISP"), Verizon Fios. (*Id.* ¶ 5; *see* ECF No. 6 at 2.)[1] Strike 3 now seeks leave to serve a Rule 45 third-party subpoena on Verizon Fios to discover that information. (ECF No. 5.) Strike 3 posits that serving this "limited, immediate discovery" would simply require the ISP to disclose John Doe's identity, allowing Strike 3 to investigate their "role in the infringement" and "effectuate service." (ECF No. 6 at 2.)

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." Fed. R. Civ. P. 26(d)(1). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint ... without obtaining identifying information from a third party," this means that "'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (cleaned up) (quoting *AF Holdings*, 752 F.3d at 995). The Court's consideration of whether to authorize early discovery is guided by "Rule 26(b)'s general limitations[.]" *Id*. And under Rule 26(b), the key parameters are twofold: "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphases added).

---

[1] The Court cites to the page numbers generated by the electronic case filing system.

**DISCUSSION**

Strike 3 seeks leave to serve the Defendant's ISP with a narrowly tailored third-party subpoena for information it contends is necessary to reveal John Doe's "identity" and "begin litigating its infringement claims." (ECF No. 6 at 6.) At this stage, the Court concludes that Strike 3's request is appropriate because it seeks discovery that is both relevant and proportional.

**I.   Strike 3's Requested Third-Party Discovery Is Relevant**

First, the discovery Strike 3 seeks is relevant. Strike 3 sues a "John Doe" that exists—at least based on the information presently available to Strike 3—only as an IP address. Strike 3 must serve "John Doe" before this suit can progress, but, to effect service, Strike 3 needs to know the identity of the allegedly infringing "John Doe." Thus, the information Strike 3 seeks to obtain from the ISP—*i.e.*, the identity of the subscriber assigned to IP address 108.31.148.38—is plainly relevant.

Although it is possible that the IP subscriber identified in response to the subpoena may not prove to be the alleged infringer, Strike 3 correctly posits that this possibility is not fatal to its request for discovery. Rather, for present purposes, Strike 3 need only demonstrate that "learning the subscriber's identity may help it identify the infringer." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 1861077, at *3 (D.D.C. Feb. 9, 2023); *see also Strike 3 Holdings*, 964 F.3d at 1210 ("At this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place."). Strike 3 meets that burden by explaining how it used its infringement detection system and geolocation technology to tie a single IP address—which Strike 3 plausibly alleges is traceable to a location in the District of Columbia—to the scores of instances of alleged infringement that give rise to this lawsuit. (ECF No. 6 at 2; ECF No. 1 ¶ 9); *see Strike 3 Holdings*, 964 F.3d at 1210 ("Based on these allegations, a court could reasonably infer that someone with prolonged, continuous access to

this IP address was responsible for the alleged infringement. Viewing the allegations in the light most favorable to Strike 3, we think it at least plausible that the registered IP address subscriber actually did the infringing.") (citation omitted).

Finally, "[r]elevancy also requires a 'threshold showing' that the court will have personal jurisdiction over the unknown Defendant." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 4581650, at *3 (D.D.C. July 18, 2023) (quoting *AF Holdings*, 752 F.3d at 995).[2] On that front, the Copyright Act "does not provide for the exercise of personal jurisdiction over alleged infringers on any basis," so this Court's personal jurisdiction over unknown "John Does" depends "on the reach of District of Columbia law." *Malibu Media LLC v. Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016); *see also* Fed. R. Civ. P. 4(k)(1)(A). In these types of cases, courts generally agree that personal jurisdiction can be properly exercised "over a defendant who is a 'resident[] of the District of Columbia or at least downloaded the copyrighted work in the District.'" *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3638346, at *2 (D.D.C. Aug. 2, 2024) (quoting *AF Holdings*, 752 F.3d at 996); *see also* D.C. Code §§ 13-422, 13-423(a)(3). This is what Strike 3 alleges here based on the results of its geolocation analysis. And our Circuit has agreed that "geolocation services" area a reliable means to "estimate the location of Internet users based on their IP addresses." *AF Holdings*, 752 F.3d at 996; *Strike 3 Holdings*, 964 F.3d at 1211.

For these reasons, Strike 3's motion satisfies the relevancy requirement.

## II. Strike 3's Requested Third-Party Discovery Is Proportional

Strike 3's requested discovery is likewise "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 itself outlines various factors that bear on a proportionality analysis, including

---

[2] As the D.C. Circuit has explained, "[a]bsent such a threshold showing, there is little reason to believe that the information sought will be relevant to the subject matter involved in the action," because "[t]he identity of prospective defendants who cannot properly be sued in this district can be of little use in a lawsuit brought in this district." *AF Holdings*, 752 F.3d at 995 (quoting Fed. R. Civ. P. 26(b)).

"the importance of the issues at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "No single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional, and all proportionality determinations must be made on a case- by-case basis." *Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (cleaned up). Here, Strike 3 focuses on two factors: the "importance" of the requested discovery to Strike 3's pursuit of its claims and its inability to otherwise "access" the information. The Court agrees that these factors, among others, satisfy the proportionality showing.

For starters, Strike 3 straightforwardly explains that the requested information is "crucial" because, unless and until Strike 3 confirms the identity of the IP subscriber, it cannot move forward with its claims. *See Strike 3*, 964 F.3d at 1207 ("Such an order is 'the only potential avenue for discovery' in cases in which information from a third party is necessary to identify potential defendants." (quoting *AF Holdings*, 752 F.3d at 995)); *see also* 47 U.S.C. § 551(c)(2)(B).[3] Second, and relatedly, Strike 3 correctly focuses on the so-called "information asymmetry" associated with the information it seeks—*i.e.*, the fact that the ISP has all the information about the IP subscriber's identity and holds the only key to unlocking those details for Strike 3. *See, e.g.*, *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("Only the ISP can match the IP address to the subscriber's identity"). These factors point toward allowing the discovery.

---

[3] By statute, an ISP is generally prohibited from "disclos[ing] personally identifiable information" without the subscriber's consent, 47 U.S.C. § 551(c)(1), except where expressly authorized, including "if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," § 551(c)(2)(B).

Beyond that, Strike 3 does not otherwise address the remainder of Rule 26(b)(1)'s proportionality factors with any real specificity, but for many of the same reasons that other judges in this District have found those factors satisfied in similar cases seeking similar discovery, the Court agrees that those considerations tilt in favor of Strike 3's request here. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2024 WL 3638347, at *3–4 (D.D.C. Aug. 2, 2024) (finding that remaining Rule 26(b)(1) factors, including the not insignificant amount in controversy associated with many of these infringement claims, the relatively minimal burden on the ISP in identifying and providing the information, and so on, tilt in favor of allowing subpoenas like the one sought here); *Strike 3 Holdings, LLC v. Doe*, 2023 WL 6847017, at *4–5 (D.D.C. Oct. 17, 2023) (similar).

### III.  Entry of a Protective Order Is Premature

As a final matter, Strike 3 "encourages" the Court to consider entering a protective order for the benefit of the IP subscriber, "should the Court find it appropriate." (ECF No. 6 at 11.) The Court recognizes that a protective order could potentially be appropriate at some point given the arguably sensitive and embarrassing nature of the claims at issue—*i.e.*, the alleged illegal downloading and infringement of adult films. Indeed, other courts have entered protective orders in similar cases involving adult content for these very reasons. *See, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346, at *4 (collecting cases). But the Court is equally mindful of the longstanding presumption in favor of public access to judicial records and proceedings, and so the Court declines to *sua sponte* enter such an order at this juncture. If and when the IP subscriber is identified, the subscriber will be far better suited to request a protective order on more concrete and specific terms, should they wish to do so.

But to avoid prejudicing the IP subscriber's ability to seek a protective order after they become aware of this matter, the Court will tailor its Order to restrict the public disclosure of the IP subscriber's name and address for a limited period, as explained in more detail below.

6

## CONCLUSION AND ORDER

For the foregoing reasons, Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 5) is **GRANTED**. It is hereby **ORDERED** that:

1. Plaintiff may proceed with immediate discovery on the identified ISP, Verizon Fios, by serving a subpoena under Rule 45 that seeks information sufficient to identify Defendant, which may include Defendant's name, address, telephone number, and email address;

2. Plaintiff shall provide the ISP with a copy of this Memorandum Opinion and Order when it serves its subpoena;

3. If and when the ISP is served with the subpoena, the ISP shall then provide the Defendant with a copy of this Memorandum Opinion and Order at least ten (10) business days prior to releasing Defendant's identifying information to Plaintiff;

4. If the ISP or Defendant wishes to move to quash the subpoena, any such motion must be filed before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service;

5. The ISP shall preserve any information sought in the subpoena pending the resolution of any timely motion to quash that may be filed.

6. Plaintiff shall refrain from identifying Defendant's name on the public docket for a period of thirty (30) days after receiving the subscriber's identifying information from the ISP; and

7. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of pursuing the claim(s) in its Complaint.

The Court further **ORDERS** that on or before June 23, 2025, Plaintiff shall file a status report with the Court briefly outlining its progress working through these steps, including an expected completion date of the discovery allowed by this Order.

Dated: May 8, 2025

                                                MATTHEW J. SHARBAUGH
                                                United States Magistrate Judge